**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| DANIEL FERRITER | ) | |
| 99 Blair Aly SW, Apartment W-353 | ) | |
| Washington, D.C. 20024 | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 25-1074 |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| | ) | |
|     **Serve:** | ) | |
| | ) | |
|     Civil Process Clerk | ) | |
|     United States Attorney's Office | ) | |
|     601 D Street, NW | ) | |
|     Washington, D.C. 20004 | ) | |
| | ) | |
|     Pamela Bondi | ) | |
|     United States Attorney General | ) | |
|     United States Dept. of Justice | ) | |
|     950 Pennsylvania Avenue, NW | ) | |
|     Washington, D.C. 20530 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ALEXANDER DEMBOWSKI | ) | |
| 9 Meade Court | ) | |
| Stafford, VA 22554 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DISTRICT OF COLUMBIA WATER | ) | |
| AND SEWER AUTHORITY | ) | |
| 1385 Canal Street SE | ) | |
| Washington, D.C. 20003 | ) | |
| | ) | |
|     **Serve:** | **)** | |
|     Michelle Rhodd | ) | |
|     Secretary to the Board | ) | |
|     District of Columbia Water and | ) | |
|     Sewer Authority | ) | |
|     1385 Canal Street SE | ) | |
|     Washington, D.C. 20003 | ) | |

and                                          )
                                             )
ANCHOR CONSTRUCTION                          )
CORPORATION                                  )
2254 25th Place NE                           )
Washington, D.C. 20018                       )
                                             )
    **Serve**:           )
    INCORP SERVICES, INC.  )
    1100 H Street NW, Suite 840  )
    Washington, D.C. 20005  )
                                             )
Defendants.                                  )
_____

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Daniel Ferriter, by and through his attorneys, Kenneth LaDuca, Esq., Kenneth Koppelman, Esq., and Price Benowitz LLP, and files this Complaint against Defendants the United States of America, Alexander Dembowski, District of Columbia Water and Sewer Authority, and Anchor Construction Corporation, and in support thereof states as follows:

## THE PARTIES

1.      At all times relevant hereto, Plaintiff Daniel Ferriter ("Ferriter") was a citizen of the United States of America and an adult resident and domiciliary of the District of Columbia, residing at 99 Blair Aly SW, Apartment W-353, Washington, DC 20024.

2.      At all relevant times, Defendant United States of America ("United States") was the principal/employer of Defendant Dembowski, who, at all times relevant hereto: was an actual and/or apparent agent, servant, and/or employee of Defendant United States; was acting within his actual and/or apparent agency, servitude, and/or employment with Defendant United States; was acting pursuant to Defendant United States' order and/or direction; and, was carrying out affairs for the benefit of Defendant United States. Further, at all relevant times hereto, Defendant United

States was the owner/lessee of the vehicle which Defendant Dembowski was operating at the time of the Incident.

3.    Upon information and belief, Defendant Alexander Dembowski ("Dembowski"), is a resident and domiciliary of the Commonwealth of Virginia, residing at 9 Meade Court, Stafford, Virginia 22554. Upon information and belief, and at all times relevant hereto, Defendant Dembowski: was an actual and/or apparent agent, servant, and/or employee of Defendant United States; was acting within his actual and/or apparent agency, servitude, and/or employment with Defendant United States; was acting pursuant to Defendant United States' order and/or direction; and, was carrying out affairs for the benefit of Defendant United States.

4.    Upon information and belief, Defendant District of Columbia Water and Sewer Authority ("DC Water"), is an independent authority of the District of Columbia government (D.C. Code § 34-2202.02), with its principal place of business located at 1385 Canal Street SE, Washington, D.C. 20003. Upon information and belief, and at all times relevant hereto, Defendant DC Water was engaged in a construction project with Defendant Anchor Construction Corporation in the area where the Incident underlying this suit occurred. At all relevant times, Defendant DC Water was the principal of Defendant Anchor Construction Corporation, who, at all times relevant hereto: was an actual and/or apparent agent, servant, employee, and/or contractor of Defendant DC Water; was acting within its actual and/or apparent agency, servitude, employment, and/or contract with Defendant DC Water; was acting pursuant to Defendant DC Water's order and/or direction; and, was carrying out affairs for the benefit of Defendant DC Water.

5.    Upon information and belief, Defendant Anchor Construction Corporation ("Anchor"), is a District of Columbia corporation with a principal place of business located at 2254 25th Place NE, Washington, D.C. 20018, which, at all relevant times was registered to do business

in the District of Columbia. Upon information and belief, and at all times relevant hereto, Defendant Anchor was an actual and/or apparent agent, servant, employee, and/or contractor of Defendant DC Water; was acting within its actual and/or apparent agency, servitude, employment, and/or contract with Defendant DC Water; was acting pursuant to Defendant DC Water's order and/or direction; and, was carrying out affairs for the benefit of Defendant DC Water.

6.      All of the events alleged herein occurred in Washington, District of Columbia.

## JURISDICTION AND VENUE

7.      The Court's personal jurisdiction over Defendant United States and Defendant Dembowski is manifest, and the United States has waived sovereign immunity pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 2671 *et seq*. and 28 U.S.C. § 1346(b).

8.      The Court has personal jurisdiction over Defendant Anchor and Defendant D.C. Water pursuant to D.C. Code § 13-423(a)(1)-(3), as Defendants caused tortious injury by acts or omissions within the District of Columbia; transacted business in the District of Columbia; and/or contracted to supply services in the District of Columbia. Pursuant to D.C. Code § 34-2202.03, DC Water can be sued in its own name.

9.      This Court has subject matter jurisdiction over Defendant United States and Defendant Dembowski as this is a cause of action pursuant, in part, to 28 U.S.C. § 1346(b), including a claim for personal injuries caused by the negligence of Defendant Dembowski, who at all relevant times was an actual and/or apparent agent, servant, employee, and/or contractor of Defendant United States and, was acting within his actual and/or apparent agency, servitude, employment, and/or contract with Defendant United States.

10.      The Court has personal jurisdiction over Defendant Anchor and Defendant D.C. Water pursuant to 28 U.S.C. § 1367(a).

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1402(b), as this action includes a tort claim against the United States arising under 28 U.S.C. § 1346(b), and all of the events or omissions giving rise to this claim occurred in the District of Columbia.

12.     At all times relevant hereto, the National Park Service ("NPS") was a "Federal Agency" of the United States within the meaning of 28 U.S.C. § 2671, and, at all times relevant hereto, Defendant Dembowski was an "Employee of the government" within the meaning of 28 U.S.C. § 2671.

13.     On May 17, 2024, Plaintiff Ferriter timely complied with 28 U.S.C. § 2401(b) by providing notice of his claim, via Standard Form 95, to NPS regarding his injuries and damages which were tortuously caused by Defendant Dembrowski.

14.     On October 25, 2024, Defendants Dembrowski and the United States of America, by and through the United States Department of the Interior, Office of the Solicitor, mailed to Plaintiff Ferriter notice of its final denial of Plaintiff Ferriter's claim pursuant to 28 C.F.R. § 14.9(a).

15.     Pursuant to 28 U.S.C. §§ 2401(b) and 2675(a), Plaintiff Ferriter brings this claim within six months of the final denial of his claim by the United States of America, by and through the United States Department of the Interior, Office of the Solicitor.

16.     To the extent necessary, on August 8, 2022, Plaintiff Ferriter timely complied with D.C. Code §12-309 by providing notice of his claim, via the DC Office of Risk Management online portal, to the Mayor of the District of Columbia regarding his injuries and damages which were tortuously caused by the Defendant DC Water.

## STATEMENT OF FACTS

17.    On or about June 8, 2022, Defendants Anchor and/or DC Water were actively engaged in advanced utility construction work associated with DC Water's Potomac River Tunnel Project, including construction of electrical duct banks and electrical infrastructure needed for operations of tunnel structures (the "Project"), at or around, 1701 Independence Avenue SW, Washington D.C. 20003.

18.    Prior to June 8, 2022, in connection with their work on the Project, Defendants DC Water and/or Anchor, through their agents, contractors, and/or employees, constructed a wooden fence (the "Fence") on a grassy piece of land just North of Independence Ave. SW., just south of a pedestrian/bicycle path on the National Mall (the "Bicycle Path"),[1] and just east of an access road onto the National Mall (the "Access Road"), which, at all relevant times was owned, controlled, and maintained by NPS.

19.    The Fence is pictured below from different angles:

---

[1] The Bicycle Path runs parallel to Independence Ave. SW, to the North of Independence Ave. SW.

a.  The Fence North of Independence Ave. SW:



b.  The Fence East of the Access Road:



c. The Fence from the Access Road with the Bicycle Path Circled:



20.     In carrying out their work on the Project, including, but not limited to, constructing and maintaining the Fence, Defendants DC Water and/or Anchor had a duty to ensure that their work was carried out in a reasonably safe manner so as to not endanger individuals who may encounter areas impacted by Defendants DC Water and/or Anchor's work.

21.     Defendants DC Water and/or Anchor's duties in this regard included, but were not limited to: using reasonable means to ensure that the visibility of pedestrians/bicyclists utilizing the Bicycle Path and motorists utilizing the Access Road, was not obscured in such a manner to create a hazardous condition; and/or, using reasonable means to warn pedestrians/bicyclists utilizing the Bicycle Path and motorists utilizing the Access Road of hazardous conditions, including, but not limited to, blind spots/corners created by the Fence which Defendants DC Water and/or Anchor had constructed.

22.     When Defendants DC Water and/or Anchor constructed the Fence, they did so in a negligent manner which created a hazardous condition by creating a blind spot/corner for motorists

approaching the Bicycle Path from the Access Road from the South and heading Northbound, with

a corresponding blind sport/corner for pedestrians/bicyclists approaching the Access Road on the

Bicycle Path from the East and heading Westbound.

23.     After negligently constructing the Fence, Defendants DC Water and/or Anchor then

negligently maintained the Fence in the same manner with the corresponding hazardous conditions

through the time of the Incident, and negligently failed to provide any warnings to motorists on

the Access Road, or pedestrians/bicyclists on the Bicycle Path, of the hazardous conditions created

by the Fence, including the blind spots/corners, which Defendants DC Water and/or Anchor had

created at the intersection of the Bicycle Path and Access Road.

24.     In carrying out the Project, Defendants DC Water and/or Anchor negligently and/or

carelessly:

   a.   created a hazardous condition by constructing the Fence in a manner which
        created a blind spot/corner for motorists approaching the Bicycle Path from
        the Access Road from the South and heading Northbound, and a blind
        sport/corner for pedestrians/bicyclists approaching the Access Road on the
        Bicycle Path from the East and heading Westbound;

   b.   maintained the Fence in a manner which created a hazardous condition
        where there was a blind spot/corner for motorists approaching the Bicycle
        Path from the Access Road from the South and heading Northbound, and a
        blind sport/corner for pedestrians/bicyclists approaching the Access Road
        on the Bicycle Path from the East and heading Westbound;

   c.   failed to use reasonable means to identify and rectify the hazardous
        conditions created by the Fence, of which it knew, or reasonably should

have known, presented a risk to motorists on the Access Road and pedestrians/bicyclists on the Bicycle Path;

d.  allowed bicyclists, including Plaintiff Ferriter, to utilize the Bicycle Path when it was not safe for bicyclists to do so; and,

e.  failed to provide any warnings to motorists on the Access Road, or pedestrians/bicyclists on the Bicycle Path, of the hazardous condition caused by the Fence, including the blind spots/corners, which Defendants DC Water and/or Anchor had created at the intersection of the Bicycle Path and Access Road.

25.  On June 8, 2022, at approximately 5:55 p.m., Plaintiff Ferriter was lawfully bicycling Westbound on the Bicycle Path, approaching its intersection with the Access Road, with the Fence on his left, and was intending to proceed straight through the intersection, with the absolute right of way.

26.  At the same date and time, Defendant Dembowski was operating a 2016 Ford Van, owned by NPS, Northbound on the NPS Access Road, approaching its intersection with the Bicycle Path, with the Fence on his right, and, upon information and belief, intending to proceed straight through the intersection.

27.  Upon information and belief, and at all times relevant hereto, Defendant Dembowski: was an actual and/or apparent agent, servant, and/or employee of Defendant United States; was acting within his actual and/or apparent agency, servitude, and/or employment with Defendant United States; was operating a vehicle owned by Defendant United States; was acting pursuant to Defendant United States' order and/or direction; and, was carrying out affairs for the benefit of Defendant United States.

28.    At all relevant times, Defendant Dembowski had a stop sign in front of him on the Access Road, at its intersection with the Bicycle Path, which required him to stop the vehicle and yield the right of way to pedestrians/bicyclists on the Bicycle Path before proceeding through the intersection.

29.    Despite the stop sign in front of him on the Access Road which required him to stop the vehicle and yield the right of way to pedestrians/bicyclist on the Bicycle Path, Defendant Dembowski negligently failed to stop his vehicle, negligently failed to see Plaintiff Ferriter lawfully approaching the intersection on the Bicycle Path, negligently failed to yield the right of way to Plaintiff Ferriter (a bicyclist on the Bicycle Path), and proceeded into the intersection when it was not safe to do so, causing Plaintiff Ferriter to violently collide into the side of the vehicle which Defendant Dembowski was operating.

30.    In carrying out the above, Defendant Dembowski, carelessly and negligently:

a.    disregarded traffic laws and signals, specifically a stop sign in front of him;

b.    failed to yield the right-of-way to a bicyclist on the Bicycle Path;

c.    failed to see that which was plainly there to see;

d.    failed to keep a proper lookout;

e.    failed to pay full time and attention to the operation of his vehicle;

f.    failed to maintain proper control of his vehicle;

g.    traveled at a speed which was excessive and not reasonable for the conditions then and there existing;

h.    failed to stop or slow his vehicle to avoid a collision;

i.    operated his vehicle in a careless and imprudent manner endangering property, life, and person; and,

11

j.  moved his vehicle into the intersection when it was not safe to do so, causing a collision with Plaintiff Ferriter, a bicyclist legally crossing the Access Road, with the absolute right of way.

31.  Defendant Dembowski negligently failed to see Plaintiff Ferriter on the Bicycle Path, negligently failed to yield the right-of-way to Plaintiff Ferriter on the Bicycle Path, negligently failed to slow or stop his vehicle to avoid a collision with Plaintiff Ferriter, and negligently caused a collision with Plaintiff Ferrier, in part, because of the hazardous conditions caused by the Fence which Defendants DC Water and/or Anchor had negligently constructed and maintained.

32.  Specifically, Defendants DC Water and/or Anchor's negligence in constructing and maintaining the Fence in a manner which created a blind spot/corner for motorists approaching the Bicycle Path from the Access Road from the South and heading Northbound, and Defendants DC Water and/or Anchor's negligence in failing to provide any warnings to motorists on the Access Road of the hazardous condition caused by the Fence, including the blind spot/corner, contributed to Defendant Dembowski negligently causing a collision with Plaintiff Ferrier.

33.  The negligence of Defendants DC Water, Anchor, and Dembowski, each independently and in conjunction with one another's negligence, was a direct and proximate cause of the collision between the vehicle which Defendant Dembowski was operating and Plaintiff Ferriter's bicycle.

34.  As a result of each Defendants' negligence, independently and collectively, Plaintiff Ferriter was thrown forward off his bicycle, through the glass of the passenger window of the vehicle which Defendant Dembowski was operating, causing Plaintiff Ferriter to suffer serious, severe, significant, and permanent injuries.

35.    Plaintiff Ferriter did not cause or contribute to the collision or his injuries/damages in any manner, nor did he have an opportunity to avoid the subject incident, and Defendant Dembowski had the last clear chance to avoid the collision.

### COUNT I: Negligence and Negligence *Per Se*
**(Defendant Dembowski and Defendant United States of America)**

36.    The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

37.    At all relevant times, Defendant Dembowski owed Plaintiff Ferriter a duty of care to operate a vehicle in a proper fashion with the degree of care and skill that a reasonably competent driver would have exercised under similar circumstances. In particular, Defendant Dembowski had a duty to, *inter alia*:

    a.  obey traffic laws and signals;

    b.  yield the right-of-way to a bicyclist on the Bicycle Path;

    c.  keep a proper lookout;

    d.  pay full time and attention to the operation of his vehicle;

    e.  maintain proper control of his vehicle;

    f.  travel at a speed which was reasonable for the conditions then and there existing;

    g.  stop or slow his vehicle to avoid a collision;

    h.  reduce the speed of the vehicle to avoid a collision;

    i.  stop in time to avoid a collision;

    j.  avoid a collision;

    k.  exercise reasonable care in the operation of the motor vehicle under the circumstances then and there existing; and

l.   observe and obey the rules and laws then and there in effect in the District of Columbia.

38.   Defendant Dembowski breached the aforesaid duties of care on June 8, 2022, and was negligent and careless in causing the collision by, *inter alia*:

a.   disregarding traffic laws and signals, including a stop sign in front of him on the Access Road;

b.   failing to yield the right-of-way to Plaintiff Ferriter, a bicyclist on the Bicycle Path;

c.   failing to see that which was plainly there to see;

d.   failing to keep a proper lookout;

e.   failing to pay full time and attention to the operation of his vehicle;

f.   failing to maintain proper control of his vehicle;

g.   traveling at a speed which was excessive and not reasonable for the conditions then and there existing;

h.   failing to stop or slow his vehicle to avoid a collision;

i.   failing to avoid a collision;

j.   operating his vehicle in a careless and imprudent manner endangering property, life, and person;

k.   causing a collision with Plaintiff Ferriter, a bicyclist legally crossing the Access Road on the Bicycle Path;

l.   failing to observe and obey the rules then and there in effect in the District of Columbia; and

m.  being otherwise negligent.

39.    At all relevant times herein, there was in effect in the District of Columbia: 18 D.C.M.R. § 2208; 18 D.C.M.R. § 2213.4; D.C. Code § 50-1731.03; D.C. Code § 50–2201.04; 18 D.C.M.R. § 2200.3; 18 D.C.M.R. § 2200.4; 18 D.C.M.R. § 2200.5; 18 D.C.M.R. § 2201.28; and, 18 D.C.M.R. § 2201.11.

40.    Defendant Dembowski's conduct as described herein was in violation of the motor vehicle laws of the District of Columbia. Those violations include, but are not limited to:

a.  failing to stop at a stop sign and yield the right-of-way, in violation of 18 D.C.M.R. § 2208;

b.  failing to give full time and attention to his operation of the vehicle, in violation of 18 D.C.M.R. § 2213.4;

c.  driving while distracted, in violation of D.C. Code § 50-1731.03;

d.  driving a vehicle upon a highway carelessly and heedlessly in willful or wanton disregard for the rights or safety of others, and/or without due caution and circumspection and at a speed and/or in a manner so as to endanger or be likely to endanger a person or property, in violation of D.C. Code § 50-2201.04;

e.  exceeding a reasonable speed under the circumstances and traffic conditions existing at the time in violation of 18 D.C.M.R. § 2200.3;

f.  failing to control the speed of the vehicle to avoid a collision, in violation of 18 D.C.M.R. § 2200.4;

g.  failing to appropriately reduce the vehicle's speed when approaching and crossing an intersection, in violation of 18 D.C.M.R. § 2200.5;

h.  failing to stop and remain stopped to allow a bicyclist to cross the roadway, in violation of 18 D.C.M.R. § 2201.28; and,

i.  entering an intersection when such movement could not be made safely, in violation of 18 D.C.M.R. § 2201.11.

41.    The motor vehicle laws of the District of Columbia were enacted to prevent the type of incident that occurred (and to protect persons such as Plaintiff Ferriter), and Defendant Dembowski cannot offer an explanation as to the violation of such regulations, thereby rendering Defendant Dembowski negligent *per se* (*i.e.*, as a matter of law).

42.    As a direct and proximate result of Defendant Dembowski's negligent acts and omissions and statutory violations, Plaintiff Ferriter sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

43.    As a direct and proximate result of Defendant Dembowski's negligent acts and omissions and statutory violations, Plaintiff Ferriter has incurred medical and related expenses and will incur additional medical and related expenses in the future.

44.    As a direct and proximate result of Defendant Dembowski's negligent acts and omissions and statutory violations, Plaintiff Ferriter incurred and will continue to incur lost wages and a loss of earning capacity.

45.    As a direct and proximate result of Defendant Dembowski's negligent acts and omissions and statutory violations, Plaintiff Ferriter suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

46.    As a direct and proximate result of Defendant Dembowski's negligent acts and omissions and statutory violations, Plaintiff Ferriter has been caused to undergo, and will undergo

in the future, physical, mental, and emotional pain and suffering, including, but not limited to that caused by pre-impact fright.

47. At all times relevant hereto, including June 8, 2022, Defendant Dembowski: was an actual and/or apparent agent, servant, and/or employee of Defendant United States; was acting within his actual and/or apparent agency, servitude, and/or employment with Defendant United States; was operating a vehicle owned by Defendant United States; was acting pursuant to Defendant United States' order and/or direction; and, was carrying out affairs for the benefit of Defendant United States.

48. As the principal for Defendant Dembowski, Defendant United States is liable for all of the negligent acts, omissions, and/or statutory violations committed by Defendant Dembowski, who was Defendant United States' actual and/or apparent agent, servant, and/or employee, acting within the course and scope of his actual and/or apparent agency, service, and/or employment, under the doctrine of vicarious liability and pursuant to the FTCA.

49. All of Plaintiff Ferriter's losses and damages were directly and proximately caused by the aforementioned negligence of Defendants Dembowski and United States, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Ferriter and without an opportunity for Plaintiff Ferriter to avoid the collision.

WHEREFORE, Plaintiff Daniel Ferriter demands judgment against Defendants Alexander Dembowski and the United States of America, jointly and severally, as follows: (1) compensatory damages in the amount of Two Million and 0/100 Dollars ($2,000,000.00), which amount will be proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

## COUNT II: Negligence
### (Defendant District of Columbia Water and Sewer Authority)

50.     The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

51.     At all relevant times, Defendant DC Water, through its agent(s), servant(s), and/or employee(s), owed Plaintiff Ferriter a duty of care to exercise reasonable means to ensure that the areas impacted by DC Water's work on the Project, including and especially the intersection of the Access Road and the Bicycle Path, were reasonably safe for motorist, pedestrian, and bicyclist use. These duties included, *inter alia*:

a.   carrying out the Project in a reasonably safe manner, so as to not create unsafe, dangerous, and/or hazardous conditions likely to cause harm to motorists, pedestrians, or bicyclists who would be foreseeably impacted by its work on the Project;

b.   using reasonable means to identify any unsafe, dangerous, and/or hazardous conditions in connection with its work on the Project;

c.   using reasonable means to protect pedestrians/bicyclists on the Bicycle Path, including Plaintiff Ferriter, from encountering any unsafe, dangerous, and/or hazardous conditions of which it was aware, or should have been aware, in connection with its work on the Project;

d.   using reasonable means to repair and/or remove unsafe, dangerous, and/or hazardous conditions of which it was aware, or should have been aware, in connection with its work on the Project;

e.  warning bicyclists on the Bicycle Path, including Plaintiff Ferriter, of any unsafe, dangerous, and/or hazardous conditions of which it was aware, or should have been aware, in connection with its work on the Project;

f.  abiding by any and all laws, codes (including, building, construction, maintenance, and/or fire codes), and/or regulations which were then and there in effect in the District of Columbia.

52.  Defendant DC Water, through its agent(s), servant(s), employee(s), and/or contractors, breached the above duties of care and was negligent and careless in causing the collision by, *inter alia*:

a.  creating a hazardous condition by constructing the Fence in a manner which created a blind spot/corner for motorists approaching the Bicycle Path from the Access Road from the South and heading Northbound, and a blind sport/corner for pedestrians/bicyclists approaching the Access Road on the Bicycle Path from the East and heading Westbound, both of which were likely to cause harm to motorists, pedestrians, or bicyclists on the Bicycle Path and Access Road, who were foreseeably impacted by Defendant DC Water's work on the Project;

b.  failing to carry out the Project in a reasonably safe manner, by creating unsafe, dangerous, and/or hazardous conditions, of which it was aware, or should have been aware, through its construction and maintenance of the Fence, including, a blind spot/corner for motorists approaching the Bicycle Path from the Access Road from the South and heading Northbound, and a blind sport/corner for pedestrians/bicyclists approaching the Access Road

on the Bicycle Path from the East and heading Westbound, both of which were likely to cause harm to motorists, pedestrians, or bicyclists on the Bicycle Path and Access Road, who were foreseeably impacted by Defendant DC Water's work on the Project;

c.  failing to use reasonable means to identify any unsafe, dangerous, and/or hazardous conditions, of which it should have been aware, in connection with its work on the Project, including specifically those associated with its construction and maintenance of the Fence, including, a blind spot/corner for motorists approaching the Bicycle Path from the Access Road from the South and heading Northbound, and a blind sport/corner for pedestrians/bicyclists approaching the Access Road on the Bicycle Path from the East and heading Westbound, both of which were likely to cause harm to motorists, pedestrians, or bicyclists on the Bicycle Path and Access Road, who were foreseeably impacted by Defendant DC Water's work on the Project;

d.  failing to identify the unsafe, dangerous, and/or hazardous conditions, of which it should have been aware, in connection with its work on the Project, including specifically those associated with its construction and maintenance of the Fence, including, a blind spot/corner for motorists approaching the Bicycle Path from the Access Road from the South and heading Northbound, and a blind sport/corner for pedestrians/bicyclists approaching the Access Road on the Bicycle Path from the East and heading Westbound, both of which were likely to cause harm to motorists,

20

pedestrians, or bicyclists on the Bicycle Path and Access Road, who were foreseeably impacted by its work on the Project;

e.  maintaining the Fence in a manner which created a hazardous condition, of which it was aware, or should have been aware, where there was a blind spot/corner for motorists approaching the Bicycle Path from the Access Road from the South and heading Northbound, and a blind sport/corner for pedestrians/bicyclists approaching the Access Road on the Bicycle Path from the East and heading Westbound, both of which were likely to cause harm to motorists, pedestrians, or bicyclists on the Bicycle Path and Access Road, who were foreseeably impacted by Defendant DC Water's work on the Project;

f.  failing to use reasonable means to repair and/or remove unsafe, dangerous, and/or hazardous conditions, of which it was aware, or should have been aware, in connection with its work on the Project, including specifically those associated with its construction and maintenance of the Fence, including, a blind spot/corner for motorists approaching the Bicycle Path from the Access Road from the South and heading Northbound, and a blind sport/corner for pedestrians/bicyclists approaching the Access Road on the Bicycle Path from the East and heading Westbound, both of which were likely to cause harm to motorists, pedestrians, or bicyclists on the Bicycle Path and Access Road, who were foreseeably impacted by Defendant DC Water's work on the Project;

g.  allowing motorists to utilize the Access Road, and pedestrians/bicyclists, including Plaintiff Ferriter, to utilize the Bicycle Path, when it was aware, or should have been aware, that it was not safe for motorists, pedestrians, or bicyclists to do so because of the unsafe, dangerous, and/or hazardous conditions, associated with its construction and maintenance of the Fence, including, a blind spot/corner for motorists approaching the Bicycle Path from the Access Road from the South and heading Northbound, and a blind sport/corner for pedestrians/bicyclists approaching the Access Road on the Bicycle Path from the East and heading Westbound, both of which were likely to cause harm to motorists, pedestrians, or bicyclists on the Bicycle Path and Access Road, who were foreseeably impacted by Defendant DC Water's work on the Project;

h.  failing to provide any warnings to motorists on the Access Road, or pedestrians/bicyclists on the Bicycle Path, of the hazardous conditions caused by the Fence, including the blind spots/corners, which Defendant DC Water had created at the intersection of the Bicycle Path and Access Road;

i.  failing to abide by any and all laws, codes (including, building, construction, maintenance, and/or fire codes), and/or regulations which were then in there in effect in the District of Columbia; and,

j.  being otherwise negligent.

53.     As a direct and proximate result of Defendant DC Water's negligent acts and omissions and statutory violations, Plaintiff Ferriter sustained severe, permanent, and life-

altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

54.    As a further direct and proximate result of Defendant DC Water's negligent acts and omissions and statutory violations, Plaintiff Ferriter has incurred medical and related expenses and will incur additional medical and related expenses in the future.

55.    As a further direct and proximate result of Defendant DC Water's negligent acts and omissions and statutory violations, Plaintiff Ferriter incurred and will continue to incur lost wages and a loss of earning capacity.

56.    As a further direct and proximate result of Defendant DC Water's negligent acts and omissions and statutory violations, Plaintiff Ferriter suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

57.    As a further direct and proximate result of Defendant DC Water's negligent acts and omissions and statutory violations, Plaintiff Ferriter has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering, including, but not limited to that caused by pre-impact fright.

58.    All of Plaintiff Ferriter's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant DC Water, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Ferriter and without an opportunity for Plaintiff Ferriter to avoid the incident.

WHEREFORE, Plaintiff Daniel Ferriter demands judgment against Defendant District of Columbia Water and Sewer Authority, as follows: (1) compensatory damages in the amount of Two Million and 0/100 Dollars ($2,000,000.00), which amount will be proven at trial; (2) all

costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

## COUNT III: Negligence
**(Defendant Anchor Construction Corporation and Defendant District of Columbia Water and Sewer Authority)**

59.    The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

60.    At all relevant times, Defendant Anchor, through its agent(s), servant(s), and/or employee(s), owed Plaintiff Ferriter a duty of care to exercise reasonable means to ensure that the areas impacted by Defendant Anchor's work on the Project, including and especially the intersection of the Access Road and the Bicycle Path, were reasonably safe for motorist, pedestrian, and bicyclist use. These duties included, *inter alia*:

    a.  carrying out the Project in a reasonably safe manner, so as to not create unsafe, dangerous, and/or hazardous conditions likely to cause harm to motorists, pedestrians, or bicyclists who will be foreseeably impacted by its work on the Project;

    b.  using reasonable means to identify any unsafe, dangerous, and/or hazardous conditions in connection with its work on the Project;

    c.  using reasonable means to protect pedestrians/bicyclists on the Bicycle Path, including Plaintiff Ferriter, from encountering any unsafe, dangerous, and/or hazardous conditions of which it was aware, or should have been aware, in connection with its work on the Project;

d.  using reasonable means to repair and/or remove unsafe, dangerous, and/or hazardous conditions of which it was aware, or should have been aware, in connection with its work on the Project;

e.  warning bicyclists on the Bicycle Path, including Plaintiff Ferriter, of any unsafe, dangerous, and/or hazardous conditions of which it was aware, or should have been aware, in connection with its work on the Project;

f.  abiding by any and all laws, codes (including, building, construction, maintenance, and/or fire codes), and/or regulations which were then in there in effect in the District of Columbia.

61.    Defendant Anchor, through its agent(s), servant(s), employee(s), and/or contractors, breached the above duties of care and was negligent and careless in causing the collision by, *inter alia*:

a.  creating a hazardous condition by constructing the Fence in a manner which created a blind spot/corner for motorists approaching the Bicycle Path from the Access Road from the South and heading Northbound, and a blind sport/corner for pedestrians/bicyclists approaching the Access Road on the Bicycle Path from the East and heading Westbound, both of which were likely to cause harm to motorists, pedestrians, or bicyclists on the Bicycle Path and Access Road, who were foreseeably impacted by Defendant Anchor's work on the Project;

b.  failing to carry out the Project in a reasonably safe manner, by creating unsafe, dangerous, and/or hazardous conditions, of which it was aware, or should have been aware, through its construction and maintenance of the

Fence, including, a blind spot/corner for motorists approaching the Bicycle Path from the Access Road from the South and heading Northbound, and a blind sport/corner for pedestrians/bicyclists approaching the Access Road on the Bicycle Path from the East and heading Westbound, both of which were likely to cause harm to motorists, pedestrians, or bicyclists on the Bicycle Path and Access Road, who were foreseeably impacted by Defendant Anchor's work on the Project;

c. failing to use reasonable means to identify any unsafe, dangerous, and/or hazardous conditions, of which it should have been aware, in connection with its work on the Project, including specifically those associated with its construction and maintenance of the Fence, including, a blind spot/corner for motorists approaching the Bicycle Path from the Access Road from the South and heading Northbound, and a blind sport/corner for pedestrians/bicyclists approaching the Access Road on the Bicycle Path from the East and heading Westbound, both of which were likely to cause harm to motorists, pedestrians, or bicyclists on the Bicycle Path and Access Road, who were foreseeably impacted by Defendant Anchor's work on the Project;

d. failing to identify the unsafe, dangerous, and/or hazardous conditions, of which it should have been aware, in connection with its work on the Project, including specifically those associated with its construction and maintenance of the Fence, including, a blind spot/corner for motorists approaching the Bicycle Path from the Access Road from the South and

heading Northbound, and a blind sport/corner for pedestrians/bicyclists approaching the Access Road on the Bicycle Path from the East and heading Westbound, both of which were likely to cause harm to motorists, pedestrians, or bicyclists on the Bicycle Path and Access Road, who were foreseeably impacted by Defendant Anchor's work on the Project;

e.  maintaining the Fence in a manner which created a hazardous condition, of which it was aware, or should have been aware, where there was a blind spot/corner for motorists approaching the Bicycle Path from the Access Road from the South and heading Northbound, and a blind sport/corner for pedestrians/bicyclists approaching the Access Road on the Bicycle Path from the East and heading Westbound, both of which were likely to cause harm to motorists, pedestrians, or bicyclists on the Bicycle Path and Access Road, who were foreseeably impacted by Defendant Anchor's work on the Project;

f.  failing to use reasonable means to repair and/or remove unsafe, dangerous, and/or hazardous conditions, of which it was aware, or should have been aware, in connection with its work on the Project, including specifically those associated with its construction and maintenance of the Fence, including, a blind spot/corner for motorists approaching the Bicycle Path from the Access Road from the South and heading Northbound, and a blind sport/corner for pedestrians/bicyclists approaching the Access Road on the Bicycle Path from the East and heading Westbound, both of which were likely to cause harm to motorists, pedestrians, or bicyclists on the Bicycle

27

Path and Access Road, who were foreseeably impacted by Defendant Anchor's work on the Project;

g. allowing motorists to utilize the Access Road, and pedestrians/bicyclists, including Plaintiff Ferriter, to utilize the Bicycle Path, when it was aware, or should have been aware, that it was not safe for to motorists, pedestrians, or bicyclists to do so because of the unsafe, dangerous, and/or hazardous conditions, associated with its construction and maintenance of the Fence, including, a blind spot/corner for motorists approaching the Bicycle Path from the Access Road from the South and heading Northbound, and a blind sport/corner for pedestrians/bicyclists approaching the Access Road on the Bicycle Path from the East and heading Westbound, both of which were likely to cause harm to motorists, pedestrians, or bicyclists on the Bicycle Path and Access Road, who were foreseeably impacted by Defendant Anchor's work on the Project;

h. failing to provide any warnings to motorists on the Access Road, or pedestrians/bicyclists on the Bicycle Path, of the hazardous conditions caused by the Fence, including the blind spots/corners, which Defendant Anchor had created at the intersection of the Bicycle Path and Access Road;

i. failing to abide by any and all laws, codes (including, building, construction, maintenance, and/or fire codes), and/or regulations which were then in there in effect in the District of Columbia; and,

j. being otherwise negligent.

62.     As a direct and proximate result of Defendant Anchor's negligent acts and omissions and statutory violations, Plaintiff Ferriter sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

63.     As a further direct and proximate result of Defendant Anchor's negligent acts and omissions and statutory violations, Plaintiff Ferriter has incurred medical and related expenses and will incur additional medical and related expenses in the future.

64.     As a further direct and proximate result of Defendant Anchor's negligent acts and omissions and statutory violations, Plaintiff Ferriter incurred and will continue to incur lost wages and a loss of earning capacity.

65.     As a further direct and proximate result of Defendant Anchor's negligent acts and omissions and statutory violations, Plaintiff Ferriter suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

66.     As a further direct and proximate result of Defendant Anchor's negligent acts and omissions and statutory violations, Plaintiff Ferriter has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering, including, but not limited to that caused by pre-impact fright.

67.     Upon information and belief, at all times relevant hereto, including June 8, 2022, Defendant Anchor was: the actual and/or apparent agent, servant, employee, and/or contractor of Defendant DC Water; acting within the course and scope of its actual and/or apparent agency, servitude, employment, and/or contract with Defendant DC Water; acting on behalf of, and for the benefit of, Defendant DC Water; and, acting at Defendant DC Water's order and direction.

68.     As the principal for Defendant Anchor, Defendant DC Water is liable for all of the

negligent acts, omissions, and/or statutory violations committed by Defendant Anchor, who was Defendants DC Water's actual and/or apparent agent, servant, employee, and/or contractor, acting within the course and scope of its actual and/or apparent agency, service, employment, and/or contract, under the doctrine of vicarious liability.

69.    All of Plaintiff Ferriter's losses and damages were directly and proximately caused by the aforementioned negligence of Defendants Anchor and DC Water, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Ferriter and without an opportunity for Plaintiff Ferriter to avoid the incident.

WHEREFORE, Plaintiff Daniel Ferriter demands judgment against Defendants Anchor Construction Corporation and District of Columbia Water and Sewer Authority, jointly and severally, as follows: (1) compensatory damages in the amount of Two Million and 0/100 Dollars ($2,000,000.00), which amount will be proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

## COUNT IV: Negligence and Joint Venture Liability
**(Defendant Anchor Construction Corporation and Defendant District of Columbia Water and Sewer Authority)**

70.    The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

71.    At all times relevant herein, Defendants DC Water and Anchor were engaged in a joint venture, specifically their joint venture to provide advanced utility construction work associated with DC Water's Potomac River Tunnel Project, including construction of electrical duct banks and electrical infrastructure needed for operations of tunnel structures.

72.    Prior to the incident, Defendants DC Water and Anchor: agreed to jointly carry out the Project to achieve a common goal, *i.e.*, completing the Project; had a common purpose and/or interest in achieving that goal; had an agreement to carry out the Project; and, had the equal right to direct and control the management of the Project, including the construction and maintenance of the Fence.

73.    As a result of their joint venture, Defendants DC Water and Anchor are deemed to be acting for one another when acting within the scope of the joint venture, including through their actions working on the Project, and specifically, the construction and maintenance of the Fence.

74.    As a further result of their joint venture, Defendants DC Water and Anchor are liable for the negligence of one another.

75.    As described in Counts II and III, which Plaintiff Ferriter fully incorporates herein, Defendants DC Water and Anchor were both individually and collectively negligent in causing the collision between Defendant Dembowski and Plaintiff Ferrier.

76.    As a direct and proximate result of Defendants DC Water and/or Anchor's negligent acts and omissions and statutory violations, Plaintiff Ferriter sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

77.    As a further direct and proximate result of Defendants DC Water and/or Anchor's negligent acts and omissions and statutory violations, Plaintiff Ferriter has incurred medical and related expenses and will incur additional medical and related expenses in the future.

78.     As a further direct and proximate result of Defendants DC Water and/or Anchor's negligent acts and omissions and statutory violations, Plaintiff Ferriter incurred and will continue to incur lost wages and a loss of earning capacity.

79.     As a further direct and proximate result of Defendants DC Water and/or Anchor's negligent acts and omissions and statutory violations, Plaintiff Ferriter suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

80.     As a further direct and proximate result of Defendants DC Water and/or Anchor's negligent acts and omissions and statutory violations, Plaintiff Ferriter has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering, including, but not limited to that caused by pre-impact fright.

81.     As joint venturers, Defendants DC Water and Anchor, are jointly and severally liable for all of the negligent acts and/or omissions of each other, as both Defendants DC Water and Anchor were at all relevant times joint venturers acting within the scope of the joint venture.

82.     All of Plaintiff Ferriter's losses and damages were directly and proximately caused by the aforementioned negligence of Defendants DC Water and/or Anchor and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Ferriter and without an opportunity for Plaintiff Ferriter to avoid the incident.

WHEREFORE, Plaintiff Daniel Ferriter demands judgment against Defendants Anchor Construction Corporation and District of Columbia Water and Sewer Authority, jointly and severally, as follows: (1) compensatory damages in the amount of Two Million and 0/100 Dollars ($2,000,000.00), which amount will be proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

Respectfully submitted,

**PRICE BENOWITZ, LLP**

By:__*/s/ Kenneth J. LaDuca*_____
Kenneth J. LaDuca, Esq. (DC Bar #1031173)
Kenneth A. Koppelman, Esq. (DC Bar #90003745)
Price Benowitz, LLP
409 7th Street NW, Suite 200
Washington, D.C., 20004
kladuca@Pricebenowitzlaw.com
kkoppelman@Pricebenowitzlaw.com
Telephone: (202) 417-6015
Facsimile: (301) 244-6659
*Attorneys for Plaintiff Ferriter*

## **DEMAND FOR JURY TRIAL**

Plaintiff Ferriter hereby demands trial by jury.


_____*/s/ Kenneth J. LaDuca*_____
Kenneth LaDuca